IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMIE M. ROYER                                                                                       PLAINTIFF

v.                            CIVIL NO. 3:18-CV-3083

ANDREW M. SAUL, [1] Commissioner,
Social Security Administration                                                           DEFENDANT


**<u>MEMORANDUM OPINION</u>**

Plaintiff, Jamie M. Royer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on March 23, 2016, alleging an inability to work since October 3, 2015, due to a broken ankle, nerve damage, pain on her left side, constant shaking, an inability to walk long distances, anxiety, and depression. (Tr. 90-91, 101-102, 116, 136). For DIB purposes, Plaintiff maintained insured status through

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

December 31, 2020. (Tr. 90-91, 101-102, 115, 135). An administrative hearing was held on August 9, 2017, where Plaintiff appeared and testified. (Tr. 58-70). Karen Clayton, Plaintiff's mother, and Casey Fightmaster, Plaintiff's sister, also testified. (Tr. 71-76, 77-80). Jim Spragins, Vocational Expert (VE), also appeared and testified. (Tr. 81-87).

By written decision dated October 23, 2017, the ALJ found that during the relevant time period, Plaintiff had severe impairments of disorder of the spine, fracture of the lower extremity, migraine headaches, generalized anxiety disorder, and borderline intellectual functioning. (Tr. 18). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18-21). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b), except that she could perform work where interpersonal contact is incidental to the work performed; where the complexity of tasks is learned and performed by rote, with few variables and little judgment; and where the supervision required was simple, direct, and concrete. (Tr. 20). With the help of a vocational expert (VE), the ALJ determined that although Plaintiff was unable to perform her past relevant work as a hotel cleaner, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a fast food worker, a cashier II, and a price marker. (Tr. 26). The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from October 3, 2015, through the date of the decision. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, but the request was denied on June 18, 2018. (Tr. 1-6). Subsequently, Plaintiff filed this action.

(Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 13th day of August, 2019.


                                                         /s/ *Erin L. Wiedemann*
                                         HON. ERIN L. WIEDEMANN
                                         UNITED STATES MAGISTRATE JUDGE